UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENTARKUIS JAMEL MORGAN,

    Plaintiff,

v.                                         Case No. 5:23-cv-252-TKW/MJF

GRACEVILLE CORRECTIONAL
FACILITY, *et. al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders, failed to pay the filing fee, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On September 15, 2023, Plaintiff commenced this civil action by filing a complaint. Plaintiff, however, failed to pay the filing fee. In his financial affidavit attached to his motion for leave to proceed *in forma pauperis*, Plaintiff revealed that he possesses a bank account, which at the time held a balance of $30,000. Doc. 6. Because Plaintiff has more than enough money to pay the filing fee, on October 16, 2023, the

undersigned ordered Plaintiff to pay the fee. The undersigned imposed a deadline of November 30, 2023 and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff did not comply with that order.

On December 18, 2023, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of December 12, 2022. Doc. 15. The undersigned imposed a compliance deadline of January 2, 2024. On December 28, 2023, Plaintiff responded to the show cause order. Doc. 8. Plaintiff's response was not accompanied by payment of the filing fee.

On January 8, 2024, the undersigned *sua sponte* granted Plaintiff additional time to pay the filing fee. The undersigned imposed a compliance deadline of February 7, 2024 and warned Plaintiff that the failure to comply with the court order likely would result in dismissal of this action. Plaintiff has not complied with that order.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted);

N.D. Fla. Loc. R. 41.1. A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action where a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002). This action has been pending five months, and Plaintiff has not complied with two court orders, has not diligently prosecuted this action, and has not paid the filing fee. Furthermore, Plaintiff has not shown good cause for these failures. Accordingly, dismissal of this civil action is appropriate.

### III. CONCLUSION

Because Plaintiff failed to comply with court orders, has failed to prosecute this action, and has failed to pay the filing fee, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice for failure to comply with court orders and failure to prosecute.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 23rd day of February, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**